The Honorable Ed Wilkinson State Representative P.O. Box 610 Greenwood, Arkansas 72936
Dear Representative Wilkinson:
This is in response to your request, on behalf of the Mayor of Lavaca, for an opinion on two questions regarding the powers of the mayor of a second class city. The two questions posed are as follows:
 1. What powers and responsibilities does the mayor have over the police and fire departments of his municipality?
 2. Is it legal for the mayor to form a police committee of council members and is it legal for the mayor to conduct meetings with such committees?
In response to your first question, the mayor has the authority to hire and fire the police and fire chiefs in a city of a second class. Acts 534 and 914 of 1995, (which are identical, except that the latter was effective April 5, 1995 and the former will not be effective until July 28, 1995) amend A.C.A. § 14-42-110 (a) to provide that mayors in cities of the second class shall have the authority to appoint and remove all "department heads."[1] The remainder of the section makes clear that "department heads" includes the police and fire chiefs. In addition, §14-52-101, which authorizes a city council to establish a city police department, states that it shall be organized "under the general superintendence of the mayor. . . ." Thus the mayor has quite extensive "powers and responsibilities" over the police department in cities of the second class. I have found no similar specific statute giving the mayor "general superintendence" over the fire department, although as noted above, the mayor in cities of the second class does have authority to hire and fire the fire chief. Section 14-53-101 of the Arkansas Code provides that the "city council shall establish fire departments and provide them with proper engines and such other equipment as shall be necessary to extinguish fires and preserve the property of the city and of the inhabitants from conflagration." Subsection (b) of the this same statutes states that "The council shall promulgate such rules and regulations to govern the department as it shall deem expedient." It appears, therefore, that the city council is invested with general authority to establish rules and regulations over the fire department. Reference must therefore be had to any local laws, rules and regulations in order to determine the extent of additional authority of the mayor over the fire department.
The answer to your second question is unclear under Arkansas law. It is my opinion, however, after a review of the relevant law, that the actual creation of such a committee must be accomplished by action of the city council. The council alone is invested with legislative powers. Cf. §14-43-502 (a). The creation of separate committees to serve the municipality in my opinion is a legislative function. If properly created by legislative action, meetings conducted by the mayor and the committee would, of course, be lawful.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
[1] The new acts make an exception in cities of the first class and second class which have a civil service commission. In such cases, the acts authorize the governing body of the city to delegate the authority to appoint and remove the heads of the police and fire department to the city's civil service commission. The reference to cities of the second class in these acts is unclear, as it does not appear that cities of the second class are authorized to have civil service commissions for their police and fire departments. See A.C.A. § 14-51-102 (1987).